UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Cause No. 1:16-cr- |
| AMANDA O. NAHRE, | ) ) |
| Defendant. | ) |

1:16-cr-0209 SEB-DKL

## PETITION TO ENTER PLEA OF GUILTY AND PLEA AGREEMENT

The United States of America, by counsel, Josh J. Minkler, United States Attorney for the Southern District of Indiana, and Cynthia J. Ridgeway, Assistant United States Attorney ("the Government"), and the defendant, AMANDA O. NAHRE ("the defendant"), in person and by counsel, Joseph M. Cleary, hereby inform the Court that a Plea Agreement has been reached in this case pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). The following are its terms and conditions:

### Part 1: Guilty Plea and Charge(s)

1. **Plea of Guilty:** The defendant agrees to waive formal indictment by a grand jury and petitions the Court for leave to enter and agrees to enter a plea of guilty to Count One as charged in the Information, which charges her with bank embezzlement, in violation of Title 18, United States Code, Section 656.

2. **Potential Maximum Penalties:** Count One is punishable by a maximum sentence of thirty (30) years' imprisonment, a $1,000,000.00 fine, and not more than five (5) years' supervised release following any term of imprisonment.

3. **Elements of the Offense:** To sustain the offense to which the defendant is pleading guilty, the Government must prove the following elements beyond a reasonable doubt:

First: At the time of the offense, the defendant was an employee of the bank named in the charging instrument; and

Second: The bank was insured by the Federal Deposit Insurance Corporation; and

Third: The defendant used her position as an employee of the bank to embezzle money or funds belonging to the bank or entrusted to its care; and

Fourth: The defendant acted with intent to injure or defraud the bank; and

Fifth: The amount of moneys or funds embezzled exceeded $1,000.00.

## Part 2: General Provisions

4. **18 U.S.C. § 3553(a) and Sentencing Guidelines:** The defendant acknowledges that this Plea Agreement is governed by Federal Rule of Criminal Procedure 11(c)(1)(B) and that the Court will use its discretion to fashion a sentence within the statutory range set forth in Paragraph 2. The defendant agrees and understands that the Court will consider the factors set forth in 18 U.S.C. § 3553(a) in determining the appropriate sentence within the statutory range. The defendant understands that the final determination concerning the advisory guideline calculation, criminal history category, and sentence guideline range will be made by the Court. The defendant understands that if the Court decides to impose a sentence higher or lower than any recommendation of either party, or determines a different advisory sentencing guideline range, then she will not be permitted to withdraw her plea of guilty for that reason and will be bound by her plea of guilty.

5. **Plea Agreement Based on Information Presently Known:** The defendant recognizes and understands that this Plea Agreement is based upon the information presently known to the Government.

2

6. **No Protection From Prosecution for Unknown or Subsequent Offenses:** The defendant acknowledges and agrees that nothing in this agreement shall protect the defendant in any way from prosecution for any offense not specifically covered by this agreement, or not known to the United States Attorney for the Southern District of Indiana at this time. The defendant further acknowledges and agrees that nothing in this agreement shall protect the defendant in any way from prosecution for any offense committed after the date of this agreement.

7. **Rights Under Rule 11(b), Fed. R. Crim. P.:** The defendant understands that the Government has the right, in a prosecution for perjury or false statement, to use against the defendant any statement that the defendant gives under oath during the guilty plea colloquy. The defendant also understands that the defendant has the right: (A) to plead not guilty, or having already so pleaded, the right to persist in that plea; (B) to a jury trial; (C) to be represented by counsel—and if necessary have the court appoint counsel--at trial and at every other stage of the proceedings, including appeal; and (D) to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses. The defendant also understands that the Constitution guarantees the right to be considered for release until trial[1]; and if found guilty of the charge(s), the right to appeal the conviction on such charge(s) to a higher court. The defendant understands that if the Court accepts this plea of guilty, the defendant waives all of these rights.

---

[1] Title 18, U.S.C. §§ 3141-3156, <u>Release and Detention Pending Judicial Proceedings</u>.

## Part 3: Sentence to be Imposed

8. **Sentencing Recommendation Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B):**

   A. **Imprisonment:** At the time of sentencing, the defendant understands that the Court will use its discretion to fashion a sentence within the statutory range set forth in Paragraph 2. In exchange for the concessions in the Plea Agreement, the government agrees to recommend a sentence of imprisonment at the low end of the Guideline range determined by the Court.

   B. **Fine:** The parties agree that the imposition of a fine in this case is left to the discretion of the Court.

   C. **Placement:** The defendant does not make a specific request at this time that this Court recommend to the Federal Bureau of Prisons that the defendant serve any sentence of imprisonment imposed in this case at a specific United States Penitentiary.

   D. **Programs and/or Treatment:** The defendant will notify Court and counsel prior to the filing of the final Presentence Investigation Report of any requests that the Court recommend to the Federal Bureau of Prisons that the defendant participate in specific programs or receive specific treatment while serving any sentence of imprisonment imposed in this case. The defendant acknowledges and understands that any recommendation by the Court is only a recommendation and does not bind the Federal Bureau of Prisons. The government does not object to this procedure and reserves the right to object to specific programs or treatment upon notice.

   E. **Supervised Release:** The parties agree that the imposition of a fine in this case is left to the discretion of the Court.

**F.     Conditions of Supervised Release:** The parties understand and agree that the Court will determine which standard and special conditions of supervised release to apply in this case. The parties reserve the right to present evidence and arguments concerning these conditions. However, to assist the Court, the parties have carefully considered the factors listed in 18 U.S.C. § 3553 and jointly recommend that the Court impose the Special Conditions of supervised release set forth below, in addition to any other Standard and Special Conditions which the Court deems appropriate in this case:

   i)     No contact directly or indirectly with government witnesses.

**G.     Probation:** The parties agree that the imposition of a term of probation in this case is left to the discretion of the Court.

**H.     No Appeal of Supervised Release Term and Conditions:** As discussed in greater detail below, the parties' reservation of the rights to present evidence and arguments to the Court concerning the length and conditions of supervised release is not intended to be inconsistent with the Waiver of Appeal specified below, which includes a waiver of the right to appeal to the length and conditions of the period of supervised release.

**I.     Mandatory Special Assessment:** The defendant will pay a total of $100.00 on the date of sentencing or as ordered by the Court to the Clerk, United States District Court, which amount represents the mandatory special assessment fee imposed pursuant to 18 U.S.C. § 3013.

**J.     Obligation to Pay Financial Component of Sentence:** If the defendant is unable to pay any financial component of the defendant's sentence on the date of sentencing, then the defendant agrees that the payment of the financial component should be a condition of supervised release as well as an ordered payment through the Inmate Financial Responsibility

Program of the U.S. Bureau of Prisons. The defendant has a continuing obligation to pay the financial component of the sentence. The defendant further agrees that as of the date of filing this Plea Agreement the defendant will provide all requested financial information, including privacy waivers, consents, and releases requested by the Government to access records to verify the defendant's financial disclosures, to the Government for use in the collection of any fines, restitution, and money judgments imposed by the Court and authorizes the Government to obtain credit reports relating to the defendant for use in the collection of any fines and restitution, and money judgments imposed by the Court. The defendant also authorizes the Government to inspect and copy all financial documents and information held by the United States Probation Office. If the defendant is ever incarcerated in connection with this case, the defendant will participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments.

### Part 4: Factual Basis for Guilty Plea

9. The parties stipulate and agree that the following facts establish a factual basis for the defendant's plea(s) of guilty to the offense(s) set forth in Paragraph One, above, and that the Government would be able to establish the following facts beyond a reasonable doubt in the event this cause was to proceed to trial. The following information is only a summary of the government's evidence. This Plea Agreement is not intended to foreclose the presentation of and the government reserves the right to present additional evidence at the time of sentencing.

A. Defendant Amanda O. Nahre was employed by J.P. Morgan Chase bank at the branch office located inside the Indiana State Office building at 302 W. Washington Street, Indianapolis, Indiana from February 2012 until her termination on or about November 28, 2015, which followed and resulted from the events charged in proposed Information.

**B.** Defendant Nahre was promoted from a teller position to lead teller to vault teller in or around 2013. The final role Nahre held included oversight and management of the ATM account activity including deposits and withdrawals to and from the ATM.

**C.** Beginning in or around June 2015 and continuing until November 10, 2015, Defendant Nahre embezzled funds from the ATM by making false entries in the bank's cash verification system to obscure the transfer of funds from the vault to the ATM. During this time, Nahre skimmed funds from some of the bundled ATM deposits for her benefit without the authorization, knowledge or approval of bank personnel. In total, Nahre embezzled a total of $40,600.

**D.** In November 2015, bank officials initiated the criminal investigation that included an audit of the vault and ATM transactions during the applicable time frame and witness interviews, among other things.

**E.** On November 11, 2015, Defendant Nahre was interviewed by the bank's global investigations security personnel. Nahre confessed to the embezzlement though she contested the total amount involved. Nahre advised she was motivated in large part by a need to support her children and drug addiction, the onset of which followed a medical diagnosis.

**F.** During the time of the aforementioned activity, J.P. Morgan Chase bank was and is insured by the Federal Deposit Insurance Corporation.

## Part 5: Other Conditions

**10.** **Background Information:** The defendant acknowledges and understands that no limitation shall be placed upon the Court's consideration of information concerning the background, character, and conduct of the defendant for the purpose of imposing an appropriate

sentence. The defendant acknowledges and understands that the Government is not prohibited from providing information concerning background, character, and conduct of the defendant for the purpose of recommending or advocating an appropriate guideline calculation and sentence.

11. **Good Behavior Requirement:** The defendant agrees to fully comply with all conditions of release imposed by the Court during all stages of this case. If the defendant fails to fully comply with such conditions, then the Government may withdraw from this Agreement.

12. **Compliance with Federal and State Laws:** The defendant understands that the obligations of the Government in this Plea Agreement are expressly contingent upon the defendant abiding by federal and state laws.

### Part 6: Sentencing Guideline Stipulations

13. **Guideline Computations:** Pursuant to Section 6B1.4 of the Sentencing Guidelines, the parties agree to the Stipulations below. The parties understand and agree that these Stipulations are binding on the parties but are only a recommendation to the Court and that the Court will determine the advisory sentencing guidelines applicable in this case. The parties agree that no stipulation regarding any factors in Chapter 4, Criminal History Category, of the Sentencing Guidelines has been made, and that such determination will be made by the Court. The 2015 version of the Sentencing Guidelines has been used by the parties to make the stipulations set forth below.

   A. **Base Offense Level.** The base offense level for the bank embezzlement offense charged in Count One of the Information is **seven (7)** pursuant to § 2B1.1(a)(1).

   B. **Specific Offense Characteristics.** Because the loss exceeded $40,000.00, the base offense level is increased by **six (6)** levels, pursuant to § 2B1.1(b)(1)(D).

   C. **Abuse of Trust.** Because the defendant violated a position of public or private

trust, the government will argue that the base offense level is increased by **two (2)** levels, pursuant to § 3B1.3. The parties agree that the defendant may argue that the application of § 3B1.3 is inconsistent with the facts.

  **D.**   **Acceptance of Responsibility.** To date, the defendant has demonstrated a recognition and affirmative acceptance of personal responsibility for the defendant's criminal conduct. Based upon the defendant's willingness to accept a Plea Agreement and enter a plea of guilty to the criminal conduct noted in this agreement, the Government agrees that the defendant should receive a **two (2) level reduction** *provided* the defendant satisfies the criteria set forth in Guideline § 3E1.1(a) up to and including the time of sentencing. The defendant timely notified the Government of defendant's intention to enter a plea of guilty, thereby permitting the Government and the Court to allocate their resources efficiently. The parties reserve the right to present evidence and arguments concerning the defendant's acceptance of responsibility at the time of sentencing.

  **E.**   **Final Offense Level:** Based upon all of these stipulations, the defendant faces a final offense level of **thirteen (13) or eleven (11).**

## Part 7: Waiver of Right to Appeal

  14.  **Direct Appeal:** The defendant understands that the defendant has a statutory right to appeal the conviction and sentence imposed and the manner in which the sentence was determined. Acknowledging this right, and in exchange for the concessions made by the Government in this Plea Agreement, if the Court sentences the defendant at or below an adjusted base offense level of **thirteen (13),** the defendant expressly waives the defendant's right to appeal the conviction imposed in this case on any ground, including the right to appeal conferred by 18 U.S.C. § 3742. The defendant further agrees that regardless of the defendant's criminal

history category or how the sentence is calculated by the Court, the defendant expressly waives the defendant's right to appeal the sentence imposed in this case on any ground, including the right to appeal conferred by 18 U.S.C. § 3742. This waiver of appeal specifically includes all provisions of the guilty plea and sentence imposed, including the length and conditions supervised release and the amount of any fine.

15. **Collateral Attack:** Additionally, the defendant expressly agrees not to contest, or seek to modify, the defendant's conviction or sentence or the manner in which either was determined in any proceeding, including but not limited to, an action brought under 18 U.S.C. § 3582 or 28 U.S.C. § 2255. As concerns this Section 3582 waiver, should the United States Sentencing Commission and/or Congress in the future amend the Sentencing Guidelines to lower the guideline range that pertains to the defendant's offense(s) and explicitly make such an amendment retroactive, the government agrees that it will not assert this waiver as a bar to the defendant filing a motion with the district court pursuant to 18 U.S.C. § 3582(c)(2). However, if the defendant files such a motion, the government reserves the right to oppose the motion on any other grounds, and reserves the right to assert this waiver as a bar to an appeal from the district court's decision regarding the motion. As concerns the Section 2255 waiver, the waiver does not encompass claims, either on direct or collateral review, that the defendant received ineffective assistance of counsel.

16. **No Appeal of Supervised Release Term and Conditions:** The parties' reservation of the rights to present evidence and arguments in this Court concerning the length and conditions of supervised release is not intended to be inconsistent with the Waiver of Appeal specified above, which includes a waiver of the right to appeal to the length and conditions of the period of supervised release.

## Part 8: Presentence Investigation Report

17. The defendant requests and consents to the commencement of a presentence investigation by probation officers of the United States District Court for purposes of preparing a Presentence Investigation Report at this time and prior to the entry of a formal plea of guilty.

18. The defendant further requests and consents to the review of the defendant's Presentence Investigation Report by a Judge, defendant's counsel, the defendant, and the government at any time, including prior to entry of a formal plea of guilty.

## Part 9: Immigration Consequences

19. The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offenses to which the defendant is pleading guilty. The defendant also recognizes that removal will not occur until service of any sentence imposed in this case has been completed. Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty the effect of the conviction in this case on the defendant's immigration status. The defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that this plea may entail, even if the consequence is the defendant's removal from the United States.

## Part 10: Statement of the Defendant

20. By signing this document, the defendant acknowledges the following:

A. I have received a copy of the Information and have read and discussed it with my attorney. I believe and feel that I understand every accusation made against me in this case. I

11

wish the Court to omit and consider as waived by me all readings of the Information in open Court, and all further proceedings including my arraignment.

    **B.**    I have told my attorney the facts and surrounding circumstances as known to me concerning the matters mentioned in the Information, and believe and feel that my attorney is fully informed as to all such matters. My attorney has since informed, counseled and advised me as to the nature and cause of every accusation against me and as to any possible defenses I might have in this case.

    **C.**    I have read the entire Plea Agreement and discussed it with my attorney.

    **D.**    I understand all the terms of the Plea Agreement and those terms correctly reflect the results of plea negotiations.

    **E.**    Except for the provisions of the Plea Agreement, no officer or agent of any branch of government (federal, state or local), nor any other person, has made any promise or suggestion of any kind to me, or within my knowledge to anyone else, that I would receive a lighter sentence, or probation, or any other form of leniency, if I would plead "Guilty". I respectfully request that the Court consider in mitigation of punishment at the time of sentencing the fact that by voluntarily pleading "Guilty" I have saved the Government and the Court the expense and inconvenience of a trial. I understand that before it imposes sentence, the Court will address me personally and ask me if I wish to make a statement on my behalf and to present any information in mitigation of punishment.

    **F.**    I am fully satisfied with my attorney's representation during all phases of this case. My attorney has done all that anyone could do to counsel and assist me and that I fully understand the proceedings in this case against me.

G. I make no claim of innocence, and I am freely and voluntarily pleading guilty in this case.

H. I am pleading guilty as set forth in this Plea Agreement because I am guilty of the crime(s) to which I am entering my plea.

I. I understand that if convicted, a defendant who is not a United States Citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

J. My attorney has informed me, and I understand, that I have the right to appeal any conviction and sentence that I receive, unless I have waived my right to appeal as part of this Plea Agreement. If I have not waived my right to appeal, I understand that I must file a Notice of Appeal within fourteen (14) days of the entry of the judgment in this case; I further understand that the Clerk of the Court will prepare and file a Notice of Appeal on my behalf if I ask that to be done. I also understand that the United States has the right to appeal any sentence that I receive under this Plea Agreement.

K. My attorney has informed me, and I understand, that if I provide or cause to be provided materially false information to a judge, magistrate-judge, or probation office, then Section 3C1.1 of the Sentencing Guidelines allows the Court to impose a two level increase in the offense level.

L. I request that any trial date be continued to permit the Court to consider this proposed guilty Plea Agreement. I further understand that any delay resulting from the Court's consideration of this proposed guilty Plea Agreement, up to and including the date on which the Court either accepts or rejects my guilty plea, will be excluded in computing the time within which trial of this cause must commence, pursuant to 18 U.S.C. § 3161(h)(1)(G).

## Part 11: Certificate of Counsel

21. By signing this document, the defendant's attorney and counselor certifies as follows:

A. I have read and fully explained to the defendant all the accusations against the defendant which are set forth in the Information in this case;

B. To the best of my knowledge and belief each statement set forth in the foregoing petition to enter plea of guilty and Plea Agreement is in all respects accurate and true;

C. The plea of "Guilty" as offered by the defendant in the foregoing petition to enter plea of guilty and Plea Agreement accords with my understanding of the facts as related to me by the defendant and is consistent with my advice to the defendant;

D. In my opinion, the defendant's waiver of all reading of the Information in open court, and in all further proceedings, including arraignment as provided in Rule 10, Fed.R.Crim.P., is voluntarily and understandingly made; and I recommend to the Court that the waiver be accepted by the Court;

E. In my opinion, the plea of "Guilty" as offered by the defendant in the foregoing petition to enter plea of guilty and Plea Agreement is voluntarily and understandingly made and I recommend to the Court that the plea of "Guilty" be now accepted and entered on behalf of the defendant as requested in the foregoing petition to enter plea of guilty and Plea Agreement.

## Part 12: Final Provision

22. **Complete Agreement:** The defendant acknowledges that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this document, to induce the defendant to plead guilty. This document is the complete and only Plea Agreement between the defendant and the United States Attorney for the Southern District of

Indiana and is binding only on the parties to the plea agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified except in writing, signed by all parties and filed with the Court, or on the record in open court.

Respectfully submitted,

JOSH J. MINKLER
United States Attorney

9/26/16
DATE

Cynthia J. Ridgeway
Assistant United States Attorney

9-26-16
DATE

Winfield D. Ong
Chief, Criminal Division

9·22·16
DATE

AMANDA O. NAHRE
Defendant

9·22·16
DATE

Coralette Waite
Counsel for Defendant

15